UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GAIL PATRICK,

                              Plaintiff,

v.                                                 Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Gail Patrick is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc. (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to Verizon Wireless. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief, Defendant NCO was employed by Verizon Wireless to collect the subject debt.

13. That beginning in or about March of 2008, Defendant NCO began calling Plaintiff Gail Patrick multiple times per day on multiple times per week in an attempt to collect on the subject debt.

14. That during several of the aforementioned telephone calls Defendant NCO would leave a message on Plaintiff Patrick's home answering machine. Said messages indicated that Defendant NCO was calling for Gail Patrick, providing a telephone number for Plaintiff to call and disclosing that Defendant NCO was attempting to collect a debt.

15. That on or about May 23, 2008, Defendant NCO called and spoke with Plaintiff Gail Patrick by telephone. During said telephone conversation, Plaintiff Patrick explained that her only source of income was Social Security and as such she would have great difficulty making payments. Plaintiff thereafter offered to make monthly payments of $50.00, however Defendant rejected said offer and proceeded to make repeated demands for payment of the subject debt in full. Following each demand for payment in full, Plaintiff would begin to explain that she could not afford such a payment, only to have Defendant speak louder to drown out Plaintiff's voice.

16. That following several unsuccessful attempts to end the aforementioned telephone conversation with Defendant, Plaintiff Patrick finally stated that she would contact an attorney. Upon hearing this, Defendant nastily replied, "You should have gotten a lawyer a year ago," and immediately terminated the telephone call.

17. That Defendant meant, and Plaintiff Patrick understood, the aforementioned statement to be a threat of legal action.

18. That despite Defendant's aforesaid representation, NCO did not possess the intent or authority to pursue legal action, and the aforementioned statement was made solely to abuse Plaintiff Patrick.

19. That on or about May of 2008, and after May 23, 2008 telephone described herein, Defendant NCO left yet another message for Plaintiff Patrick on her home answering machine. At the time said message was being left on Plaintiff's answering machine, Plaintiff Patrick's cousin, Kim Jozwiak, was visiting Plaintiff. Kim Jozwiak overheard the

message left by Defendant which disclosed that they were a debt collector attempting to collect on a debt.

20. That as a result of Defendant's disclosure, Plaintiff Patrick became extremely embarrassed.

21. That as a result of the sum of Defendant's conduct, Plaintiff Gail Patrick became embarrassed, nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

22. Plaintiff Gail Patrick repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) by disclosing to Plaintiff's cousin that Plaintiff Patrick owed the subject debt.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse Plaintiff Patrick by demanding payment of the subject debt in full, speaking over Plaintiff as she spoke, and by telling Plaintiff, "You should have gotten a lawyer a year ago."

    C. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff Patrick's telephone to ring and engaging Plaintiff in telephone conversation with the intent to annoy, abuse, or harass Plaintiff.

    D. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by using false, deceptive, or misleading representations in connection with the collection of the subject debt by misleading Plaintiff to believe that Defendant would file a lawsuit against her.

24. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff Patrick became embarrassed, nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Gail Patrick demands trial by jury in this action.

Dated: September 5, 2008

>	s/Kenneth R. Hiller
>	Kenneth R. Hiller, Esq.
>	Amanda R. Jordan, Esq.
>	Law Offices of Kenneth Hiller
>	*Attorneys for the Plaintiff*
>	6000 North Bailey Ave., Suite 1A
>	Amherst, NY 14226
>	(716) 564-3288
>	Email: khiller@kennethhiller.com
>	          ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Gail Patrick affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: September 5, 2008


Gail Patrick
Gail Patrick